UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  THE MATTER OF BOPCO, L.P. AS OWNER AND OPERATOR OF THE M/V MR. JOE, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | * * * * * * | CIVIL ACTION NO.<br><br>SECTION<br><br>JUDGE<br><br>MAGISTRATE JUDGE |

**COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

The Complaint of BOPCO, L.P., as owner and operator of the M/V MR. JOE, in a cause of exoneration from or limitation of liability, civil and maritime, under Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Admiralty and Maritime Claims, as well as 46 U.S.C. App. § 30501 *et seq.*, alleges on information and belief as follows:

I.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is pursuant to the admiralty and maritime jurisdiction of the United States Courts, 28 U.S.C. §1333.

{N2393308.1}

II.

Complainant, BOPCO, L.P. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Fort Worth, Texas and divisional office located at 3850 N. Causeway Blvd., Suite 1900, Metairie, Louisiana 70002.

III.

Complainant, BOPCO, L.P. is the owner and operator of the M/V MR. JOE, a 28 foot long, aluminum hull vessel registered in the State of Louisiana, and as such, is the sole party entitled to possession and operation of said vessel.

IV.

At all material times, the M/V MR. JOE, was in all respects tight, staunch, strong, supplied, equipped and seaworthy for the service in which it was engaged.

V.

On or about April 13, 2009, the M/V MR. JOE was traversing a navigable body of water in the territorial waters of the State Louisiana, and within the district of this Honorable Court. On that date, the M/V MR. JOE was at the intersection of the main canal and the back levee canal in Point a la Hache, Louisiana, when it was involved in a collision with another vessel operated by Mr. Ryk Frickey.

VI.

This casualty was not due to any fault, neglect or want of care on the part of Complainant, the M/V MR. JOE, her owners, captain, nor anyone for whom said Complainant may be responsible.

VII.

Although the aforesaid casualty was not due to any fault, neglect or want of care on the part of Complainant, Complainant has been sued improperly in the 269th Judicial District Court of Harris County, Texas, Cause No. 2011-61407. The suit is entitled "Ryk Frickey v. BOPCO, L.P. and BOPCO, GP, L.L.C." Venue in that jurisdiction is improper as neither the vessel nor the parties to the action can be found in Harris County, Texas.

VIII.

Complainant, as owner and operator of the M/V MR. JOE, denies that it or the M/V MR. JOE is liable to any extent for any claims arising out of the aforesaid casualty and asserts exoneration from liability for all losses occasioned or incurred by reason of or resulting from this casualty. Alternatively, if the Court should adjudge Complainant liable to any extent, Complainant avers that the casualty occurred without its privity or knowledge and seeks the benefit of limitation of liability as provided in Sections 30501, *et seq.* of Title 46 of the United States Code, and of the various statutes supplementary thereto and amendatory thereof and of any and all other applicable law and jurisprudence including Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

IX.

This Complaint for Exoneration and/or Limitation of Liability is brought timely and within the requirements of 46 U.S.C. §30501, *et seq.*, and Rule F(1), Supplemental Rules of Certain Admiralty and Maritime Claims.

X.

As per the attached Affidavit of Kyle Smith (Exhibit A) on April 13, 2011, the Complainant's interest in the M/V MR. JOE, including pending freight was $45,000.00.

XI.

Complainant shows that if it should be held liable in any degree to any party, which is denied, its liability should be limited to and not exceed the amount or value of Complainant's interest in the M/V MR. JOE and freight pending in the aggregate sum of $45,000.00. Complainant offers and elects to file an Ad Interim Stipulation for Value secured by a letter of undertaking for the amount of $45,000.00 with interest at six (6%) percent per annum and for payment of all costs in the event such are awarded against Complainant.

XII.

Complainant is also prepared with respect to security and due appraisal to comply with the provisions of Rule F(1) and (7) when and if the Court should so order. Complainant specifically reserves the right to apply to this Court to reduce the amount of the limitation fund in accordance with any final valuation or the applicable law and statutes.

XIII.

On information and belief, there is only one claim against the M/V MR. JOE as well as its owner and operator, arising out of this casualty. To the best of Complainant's information and belief, that claimant is as follows:

> Ryk Frickey
> Des Allemands, Louisiana

XIV.

Complainant avers that the potential amounts which may be claimed exceed the value of Complainant's interest in said vessel. Complainant is not aware of any other potential demands

than set forth above and specifically is not aware of unsatisfied liens or claims of liens arising out of the casualty.

XV.

Venue is proper as the vessel, the potential claimant, the witnesses and petitioner are all located in the Eastern District of Louisiana. Further, the collision, which is the subject of this petition, occurred within the district.

XVI.

All and singular, the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

**WHEREFORE**, Complainant prays:

1. This Honorable Court issue an Order approving the Ad Interim Stipulation as to the value of the M/V MR. JOE filed by Complainant for which Great American Insurance Group, as underwriter, has issued a letter of undertaking in the amount of $45,000.00 plus six (6%) percent per annum interest from the date of such stipulation and costs pending in the appraisement by the Court of the amount of Complainant's interest in the vessel and pending freight; and

2. The Court issue notice to all persons asserting claims with respect to which the complaint seeks exoneration from or limitation of liability admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Complainant a copy thereof on or before the date to be named in the Notice and that if any claimant desires to contest this Complaint he shall file and serve on the attorneys for Complainant an Answer to the Complaint on or before the said date unless his claim has included an Answer;

3. That the Court issue its injunction restricting the commencement and/or prosecution of any and all actions or suits or legal proceedings of any kind whatsoever against BOPCO, L.P. and BOPCO, GP, L.L.C., their employees, agents, insurers, parent companies, affiliates, contractors, or property, the M/V MR. JOE or their underwriters arising out of the aforementioned casualty other than in the present action.

4. That the Court adjudge Complainant and the M/V MR. JOE not liable to any extent whatsoever for any damage of any kind arising out of the matters aforesaid; and

5. In the alternative, that if the Court should adjudge the Complainant or the M/V MR. JOE liable in any amount whatsoever their liability should be limited to and not exceed the amount or value of Complainant's interest in the M/V MR. JOE and freight pending, if any; and

6. That Complainant have such other and further relief as justice may require including the right to supplement and amend these pleadings in order to achieve justice.

/s/ C. BARRETT RICE
_____
JEFFERSON R. TILLERY (La. Bar #17831)
C. BARRETT RICE (La. Bar #30034)
Jones, Walker, Waechter,
Poitevent, Carrere & Denegre, L.L.P.
201 St. Charles Avenue, 48th Floor
New Orleans, Louisiana 70170
Telephone: (504)582-8283
Facsimile: (504) 589-8238
Attorneys for BOPCO, L.P.