UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: THE MATTER OF BOPCO, L.P., | CIVIL ACTION NO. 11-3137 |
| AS OWNER AND OPERATOR OF THE | SECTION C |
| M/V MR. JOE, PRAYING FOR | JUDGE HELEN G. BERRIGAN |
| EXONERATION FROM AND/OR | MAGISTRATE JUDGE (5) |
| LIMITATION OF LIABILITY | |

**ORDER & REASONS**[1]

Before this Court is a Motion to Dismiss filed by Claimant, Ryk Frickey (Rec.Doc.8). Having considered the memoranda from counsel, the record, and the applicable law, the Court DENIES the Motion and TRANSFERS the case to the Southern District of Texas for the following reasons.

**I. Background**

BOPCO, Inc. ("BOPCO") filed a complaint in this Court on December 21, 2011 under Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Admiralty and Maritime Claimes, claiming exoneration from or limitation of liability for all losses resulting from the casualty that occurred on April 13, 2011 (Rec.Doc.1). Subsequently, claimant Ryk Frickey ("Frickey") filed a motion to dismiss without prejudice to refiling in a district where

---

[1] Rebekka Veith, a second-year student at Tulane University Law School, contributed to the research and prepartion of this decision.

venue is proper (Rec.Doc.8). Frickey contends that because on October 12, 2011, he filed a personal injury action in a state court in Texas, the proper venue for BOPCO's complaint is the United States Court for the Southern District of Texas (Rec.Doc.22 at 5-6).

## II. Law and Analysis

Rule F(9) of the Supplemental Rules for Admiralty and Maritime Claims provides that a complaint for limitation of liability "shall be filed in any district in which the vessel has been attached or arrested," or, "if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to such claim." FED. R. CIV. P. SUPP. A.M.C. RULE F(9). The word "district" in this rule refers to a geographical area as opposed to a particular type of court. *In re Ensco Marine Co.*, 1999 WL 307608 at *1 (E.D.La.May 13,1999).

The proper venue for a limitation of liability action is the federal court that encompasses the district in which suit has been filed against the owner of a vessel, even if this forum is not the most convenient. *In re. Falcon Drilling Co.*, 1996 WL 39410 at *1 (E.D.La Jan. 31, 1996) (Fallon, J.). This is true even if a case is "likely to be returned" to another federal court on a forum non-conveniens basis. *Id.* Moreover, Rule F(9) requires that if "venue is wrongly laid" in a limitation action, "the court shall dismiss . . . or transfer the action." *See In re Hot Energy Services, Inc.*, 2003 WL 22835984 at *3 (E.D. La. Nov. 26, 2003)(Africk, J.).

BOPCO alleges that because Frickey "knowingly misrepresented" Harris County, Texas as the location of BOPCO's principal place of business when he filed his personal injury suit in that county, the suit was improperly filed and thus the United States District Court for the Southern District of Texas is not the proper venue for a limitation action (Rec.Doc. 18 at 2-3). BOPCO also contends that even if Harris County was a proper venue for the personal injury suit, the lawsuit would "ultimately end up" in the Eastern District of Louisiana because the accident

occurred in this district and because Frickey, all employees of BOPCO who might be witnesses and all other potential witnesses are residents of this area (Rec.Doc. 18 at 6-8).

This Court rejects BOPCO's argument. First, Rule F(9) requires that a complaint to limit liability be filed in "any district" in which the owner of a vessel has been sued. FED. R. CIV. P. SUPP. A.M.C. RULE F(9). This court is not the proper venue for a limitation action in this case because suit was filed outside of the "district" in which this court is located. Moreover, there is no mention in Rule F(9) of an exception for a lawsuit that is improperly filed, and thus this court is not the proper venue to determine whether Frickey's original suit was filed in the appropriate state court. Second, a *forum non conveniens* argument must be considered by a court of proper venue, notwithstanding the merits of the argument. *See In re Hot Energy Services, Inc.* 2003 WL 22835984 at *3 ("Nevertheless, the Court is constrained by the plain language of Rule F(9) despite the Court's awareness that this action may be transferred back . . . on *forum non conveniens* grounds"); *In re Complaint of the Tug of Danielle M. Bouchard,* 1998 WL 164849 at *2 (E.D.La. Apr 7, 1998)(Vance,J.)("This Court cannot comment on the merits of these [*forum non conveniens*] arguments because venue was improperly placed in this Court in the first place"). Thus, because Frickey filed his personal injury suit in Harris County, Texas before BOPCO filed its limitation action and thus this court is not the proper venue for the action, we cannot consider the merits of BOPCO's argument that this court is the most convenient forum for its limitation of liability action.

### III. Conclusion

Accordingly,

IT IS ORDERED that Complainant's Motion to Dismiss is DENIED (Rec.Doc.8).

IT IS FURTHER ORDERED that the above-captioned case is TRANSFERRED to the Southern District of Texas.

New Orleans, Louisiana, this 29th day of May, 2012.

_____
HELEN G. BERRIGAN
DISTRICT JUDGE