UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

*IN RE*: BOPCO, L.P.                                CIVIL ACTION

NO: 11-3137

SECTION "C"(5)

ORDER AND REASONS

A trial was held in the above captioned matter on July 22, 2013 through July 24, 2013. Rec. Doc. 108. At the close of trial, the jury issued a verdict finding for plaintiff Frickey as to negligence, and the Court took the issue of limitation of liability under submission. *Id.* at 2. The record was not left open, and the Court denied defendant BOPCO, L.P.'s ("BOPCO") motion to reopen the case to enter additional evidence. *Id.* Defendant now moves to proffer evidence formally. Rec. Doc. 128. The Court does not appreciate BOPCO ignoring its orders at trial, and ignoring that the case is now closed. The motion is DENIED. *Id.*

Counsel for the parties shall not file additional memoranda or motions without prior leave of this Court. None has been granted. The Court considers counsel's filings to be an abuse of the record. Additionally, the Court notes that while BOPCO filed a "Post-trial memorandum in further support of BOPCO's motion for mis-trial and in light of newly discovered evidence and further abuse of discovery," this was not a motion, and BOPCO has not moved to reconsider any of the Court's prior rulings at trial. Rec. Doc. 119. Frickey did not need to submit a response because there was no motion to which to respond. Rec. Doc. 129.

In BOPCO's post-trial memorandum, it argues that newly discovered evidence of a 2004 motor vehicle accident should be admitted. Rec. Doc. 119 at 2. In order to decide whether newly

1

discovered evidence warrants a new trial, a court should consider whether the evidence: "(1) would probably have changed the outcome of the trial; (2) could have been discovered earlier with due diligence; and (3) is merely cumulative or impeaching." *Diaz v. Methodist Hosp.*, 46 F.3d 492, 295 (5th Cir. 1995)(citing *Osburn*, 825 F.2d at 917; *Johnston*, 786 F.2d at 1257; *LaFever*, 571 F.2d at 1368). While simultaneously arguing that the new evidence should be admitted because a new trial may be granted under Federal Rules of Civil Procedure 59(a) or 60(b)(2) "if a party uncovers new evidence that could not have been previously discovered by the moving party's due diligence," BOPCO also reveals that *it* did not undertake due diligence because Frickey disclosed the accident in his answer to interrogatory number 19. Rec. Doc. 119 at 4-5.  BOPCO even concedes that in Frickey's deposition, "[t]he Plaintiff appears to have identified the motor vehicle accident for which he did receive treatment from St. Charles General Hospital. . . ." *Id.* at 6.  BOPCO could have subpoenaed the records from St. Charles General Hospital on the same day as the deposition took place, October 9, 2012, nine months before trial. *Id.*  BOPCO now claims that the problem is that the plaintiff did not reveal he had received treatment. *Id.*  BOPCO could have made this same allegation at trial if it had either subpoenaed the records or asked Frickey about the accident of which it was already aware. Additionally, BOPCO argues, "Any good lawyer would have cross-examined the Plaintiff with these medical records and impeached him with his deposition at trial." *Id.*  BOPCO could have done this, but did not.

     Counsel cannot make up for his lack of due diligence before trial, even after receiving notice of the accident, by moving to admit the medical records now.  When the plaintiff asked at trial to call Reginal McKamiey, a maritime expert in radar usage, as a rebuttal witness on the last day of trial, BOPCO argued that it would be a surprise to do this without previous notice. Tr. July

24, 2013, p. 95.  BOPCO argued that its witnesses, such as Kenny Fernandez, had been on the list for four years and that Frickey's motion was way too late. *Id.* at 96.  The Court ruled in favor of BOPCO and excluded the witness. *Id.*  BOPCO is now arguing that it should be able to do the same thing.  To allow BOPCO to submit additional evidence now would be a surprise similar to the one it argued the Court needed to exclude for Frickey.  Additionally, submission of the evidence would not have changed the outcome of the trial.  BOPCO's requested admission of Nancy Favaloro's expert report would also violate the Court's Scheduling Order. Rec. Doc. 81.

BOPCO also argued in its memorandum in further support of its motion for a mistrial that a new trial is warranted in light of this Court's erroneous evidentiary rulings. Rec. Doc. 119 at 8.  BOPCO argued that the Court erroneously excluded the testimony of Brandon Breaux, whom BOPCO sought to call to testify at trial about the alleged fight Frickey was involved in with other members of his family. *Id.* at 9.  BOPCO was arguing to admit an additional witness at the last minute despite the fact that it later argued that Frickey could not present a maritime expert in radar usage at the last minute.  Although the Court would not permit BOPCO to bring in a new witness, it allowed BOPCO to question the plaintiff on the witness stand about the fight, the very subject which BOPCO hoped to address with the new witness if he had been allowed to testify. Tr. July 24, 2013 at 22; Tr. July 22, 2013 at 183.  Furthermore, as the Court explained at trial, admitting the testimony of Breaux would have been highly prejudicial because of Breaux's bias and ability to prejudice the jury.  Breaux had a long-standing grudge against plaintiff. Tr. July 24, 2013 at 22.  The Court finds that based on the facts educed at trial, the relevance of Breaux's testimony and its probative value was substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury and needlessly presenting cumulative evidence.  FED.R.EVID. 403.  Furthermore, the fight that BOPCO wished to have discussed was discussed,

and BOPCO was able to cross-examine Frickey about the fight.  BOPCO may not move for a mistrial simply because it did not like the testimony that was elicited on cross-examination. Rec. Doc. 119 at 10-11. BOPCO argues that it is entitled to a mistrial because the exclusion of the fight would have affected the jury's determinations. Rec. Doc. 119 at 14.  It is impossible that the jury's determinations would have been affected since the jury knew about the alleged fight.

     Next, BOPCO argues that the Court should declare a mistrial because of plaintiff counsel's "egregious and inflammatory" closing arguments. *Id.* at 15.  BOPCO claims that because Frickey's counsel referenced the Court's evidentiary rulings, a mistrial should be declared.  As BOPCO admits in its brief, the only part of counsel's inappropriate statement that was made before the Court cut off the counsel was, "Today, we asked the judge if we could call a witness." *Id.* at 17; Tr. July 24, 2013 at 156.  While the Court and opposing counsel knew what counsel was referencing since they had been present for the earlier motion to call a witness, there was no way for the jury to know that counsel was attempting to tell it that the defense had tried to call a witness to testify that the radar on BOPCO's vessel would have worked. Two other witnesses, Fernandez and DuPont, had testified on the final day of trial, and it would have been plausible for the jury to infer that counsel was referring to either of them.  Despite this, the Court admonished Frickey's counsel in front of the jury by saying, "That is totally inappropriate.  That is totally inappropriate." Tr. July 24, 2013 at 156.  In a different part of BOPCO's brief, BOPCO argues that BOPCO's counsel's credibility was harmed when the judge ruled against it. Rec. Doc. 119 at 10.  BOPCO should similarly see that the Court's admonishment of plaintiff's counsel could have done the same damage to plaintiff counsel's credibility.

     It would not be possible for the jury to have "adopted Plaintiff's Counsel's statement as truth and considered the proposed testimony of its expert witness on radar!" as argued by

BOPCO, because the statement was not even fully made and the jury did not hear any of the proposed testimony of the radar expert. *Id.* at 17.  The witness was not even in the Courtroom.  He was in Houston. Tr. July 24, 2013 at 95.  Even if the jury had somehow been able to foresee the end of Frickey's counsel's sentence, and know that he was arguing about a radar expert, it is far from convincing that with all of the other evidence presented at trial, the jury was making its determination of negligence based on the counsel's comment.

The additional arguments made in BOPCO's brief lack merit, and based on the facts presented at trial, did not prejudice or inflame the jury. Rec. Doc. 119 at 22.  Just as additional evidence shall not be admitted, a new trial shall not be granted just because BOPCO is unhappy with the outcome of the trial.

Accordingly,

IT IS ORDERED that BOPCO's motion to proffer evidence formally is DENIED. Rec. Doc. 128.

IT IS FURTHER ORDERED that Frickey's Motion for Leave to File a Response to Petitioner's Motion for Mistrial is DENIED. Rec. Doc. 129.

IT IS FURTHER ORDERED that the parties shall not file additional memoranda or motions without prior leave of this Court, on the Court's own initiative.

New Orleans, Louisiana, this 10th day of September, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE